DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DITECH FINANCIAL, LLC f/n/a<br>GREEN TREE SERVICING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. BLOCK, THERESA<br>MURPHY, and ASSOCIATION OF<br>ST. C CONDOMINIUM OWNERS,<br><br>Defendants. | Civil Action No. 2014-0043 |

**Attorneys:**
**Ryan C. Meade, Esq.,**
Miami, Florida
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 46) filed by Plaintiff Ditech Financial, LLC ("Ditech")[1] against Defendants Michael S. Block, Theresa Murphy, and Association of St. C Condominium Owners (collectively "Defendants"). For the reasons discussed below, the Court will grant Ditech's Motion for Default Judgment.

---

[1] This action was originally filed by Flagstar Bank FSB ("Flagstar") as the holder of the Note and Mortgage in 2014. (Dkt. No. 1 at 2). While the action was pending, Flagstar assigned the Note and Mortgage to Ditech f/n/a Green Tree Servicing LLC (Dkt. No. 22-1). Upon its motion (Dkt. No. 22), Ditech was substituted as Plaintiff. (Dkt. No. 23).

# I. BACKGROUND

On August 1, 2014, Flagstar filed a Complaint against Defendants alleging causes of action for a debt owed and for foreclosure of real property mortgage. (Dkt. No. 1). Flagstar further alleged that, on December 18, 2006, Michael Block ("Block") executed and delivered to Flagstar a promissory note (the "Note"), obligating himself to repay Flagstar the principal amount of $159,200.00, together with interest at a rate of 6.625% per annum, in consecutive monthly installments of $1,019.38, commencing on February 1, 2007. *Id.* at ¶¶ 8-10. To secure payment on the Note, Michael Block and Theresa Murphy (collectively "Mortgagees") granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), a First Priority Mortgage dated December 18, 2006. *Id.* at ¶¶ 9-13, 16-17. The Mortgage was attached to property owned by the Mortgagees described as:

> Condominium Unit No. I-339 of the St. "C" Condominium located upon Plots No. 2 and No. 6-G of Estate St. John, as shown on OLG Drawing No. 2647, dated August 22, 1969, according to Declaration of Condominium dated December 05, 1969 at the Office of the Recorder of Deeds, Christiansted, St. Croix in Photocopy 117-M, page 982, as document no. 4758 as amended; together with a 1/132 (0.7575%) undivided interest in the common areas and facilities declared in said Declaration of Condominium to be an appurtenance to the above described condominium unit.

("the Property") (Dkt. Nos. 1 at ¶ 8; 46-4 at 25). The Mortgage required the Mortgagees to pay Flagstar the payments due under the Note. (Dkt. No. 1 at ¶¶ 12-13).

Flagstar further alleges that, beginning on or about October 1, 2013, the Mortgagees defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest. Flagstar alleges it notified Block of the default in writing in December 2013. *Id.* at ¶¶ 16-18. After the Mortgagees failed to cure the default, Flagstar elected to accelerate the principal on the Note and demanded that the Mortgagees pay the full balance of the principal owed

plus all accrued interest, advances, and other expenses. *Id.* at ¶¶ 19-21. On June 3, 2014, MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar. In the Complaint, Flagstar also asserted that it had actual possession of and ownership rights to the Note and Mortgage. *Id.* at ¶¶ 28-29.

Michael Block and Theresa Murphy were served with a copy of the Summons and Complaint on November 4 and November 8, 2014, respectively. (Dkt. Nos. 13-1, 14-1). The Association of St. C Condominium Owners ("Association") was served on October 14, 2014. (Dkt. No. 10-1).[2] None of the Defendants have filed an Answer to the Complaint nor have they otherwise appeared in this action. On March 3, 2015, Flagstar filed an application for Entry of Default against all the Defendants. (Dkt. Nos. 15-16). The Clerk of Court entered default against the Association on March 5, 2015 and the Magistrate Judge entered default against the Mortgagees on September 24, 2015. (Dkt. Nos. 17-18).

In May 2015, Flagstar assigned its interest in the Mortgage to Green Tree (Dkt. No. 22-1). The assignment of the Mortgage was recorded with the St. Croix Recorder of Deeds on June 17, 2015. (Dkt. No. 22-1). Several months later Green Tree merged with Ditech emerging as a new company bearing Ditech's business name. (Dkt. No. 22-2). On January 20, 2016, Ditech filed a motion to substitute itself as Plaintiff asserting it was the real party in interest following the assignment and merger. (Dkt. No. 22 at 1-2). The Court granted the Motion, substituting Ditech as Plaintiff in the case. (Dkt. No. 23).

---

[2] In its Complaint, Flagstar alleged that the Association held a lien against the property in dispute that was subordinate to that held by Flagstar. (Dkt. No. 1 at ¶ 4). The Association never responded to Flagstar's Complaint or Ditech's Motion for Default Judgment.

After attempts to resolve the dispute with the Mortgagees failed (Dkt. Nos. 28-30), Ditech filed its Motion for Default Judgment and Memorandum in Support on July 3, 2017. (Dkt. No. 46). Included with the Motion was an Affidavit of Indebtedness asserting that the outstanding principal balance of the debt was $144,817.62; accrued interest through June 30, 2017 totaled $36,740.23; escrow advances were $1,503.81; late charges were $1,821.34; and corporate advances were $260.00; resulting in a total amount due of $185,143.00. Ditech further asserted that per diem interest of $26.29 continued to accrue on the principal from and after July 1, 2017. (Dkt. No. 46-7 at ¶ 8). A Declaration of Counsel was also attached to the Motion for Default Judgment in which Matthew R. Reinhardt, Esq. averred that his office investigated whether the Mortgagees were in the military service by conducting a search on the Department of Defense Manpower Data Center website on July 3, 2017 and confirming that neither was in the military service as defined in the Servicemember's Civil Relief Act of 2003, 50 App. U.S.C. § 521. (Dkt. Nos. 16; 46-8; 46-9).[3] Attorney Reinhardt also declared that, based on the Mortgagees' dates of birth, they are over eighteen years of age, and that based upon their negotiation and completion of mortgage documents, they are both competent. (Dkt. No. 46-8 at ¶¶ 6-8).

There was a stay of these proceedings in late 2017 and early 2018, occasioned by Hurricanes Irma and Maria (Dkt. Nos. 49, 54, 62), which was subsequently lifted in June 2018 (Dkt. No. 70). On December 12, 2018, the Court ordered Ditech to provide appropriate supporting documentation in the form of an updated and corrected Affidavit or Declaration of Indebtedness to explain the nature of the monetary amounts claimed and the contractual or statutory authority

---

[3] Flagstar's earlier Memorandum in support of entry of default provided reports from the Department of Defense Manpower Data Center reflecting that neither Block nor Murphy were in the military service. (Dkt. No. 16-1).

4

for such claims, and to provide appropriate supporting documentation for the damages requested. (Dkt. No. 71).

Ditech's Updated Affidavit of Indebtedness was filed in March 2019. (Dkt. No. 73-1). The Updated Affidavit, signed by Gerald D. Bryant, Jr., a Ditech Document Execution Representative, explains how Ditech's document management system maintains records of debit and credit transactions related to the Mortgage and original Note. (Dkt. No. 73-1 at ¶¶ 7-8 and attachments). The Affidavit updated the amounts due and owing Ditech through January 11, 2019, as follows: $144,817.62 in unpaid principal balance; interest of $51,431.49 from September 1, 2013 through January 11, 2019 at 6.625%; escrow balance (hazard insurance) of $2,324.03; corporate advances (property preservation fees) of $251.40 for a total indebtedness of $198,824.54. The Affidavit asserts that interest continues to accrue in the amount of $26.29 per diem after January 11, 2019. *Id.* at ¶ 8.

Ditech argues that the procedural elements for default judgment have been satisfied because: Defendants were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and Defendants are not infants or incompetent persons, nor in the military service. (Dkt. No. 46 at 5-6). Ditech further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Block executed the Note and that Block and Murphy executed the Mortgage; Ditech has possession of the original Note and is holder of the Mortgage; Block defaulted under the terms of the Note and that Block and Murphy defaulted under the terms of the Mortgage; Ditech gave Block notice of the default which Block failed to cure; and that Ditech elected to accelerate the amounts due and owing upon default and foreclose on the Property. *Id.* at

7-10. As a result of these facts, Ditech asserts that it is entitled to default judgment under Virgin Islands law. *Id.* at 9-10.

## II. APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atlantic Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Kennedy Funding, Inc. v. Oracle Business Dev., LLC*, 2016 WL 447843, at *6 (D. V.I. Feb. 4, 2016) (quoting *Bank of Nova Scotia v. Abdallah*, 2013 WL 5312399, at *5 (D. V.I. Sept. 23, 2013)); *see also Idewu v. Sealey*, 2012 WL 944781, at *2 (D. V.I. Mar. 19, 2012) (citations and quotations omitted); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's

delay is due to [defendant's] culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III. DISCUSSION

Ditech has satisfied all of the requirements necessary to obtain a default judgment against Block and Murphy. It has properly shown that: (1) default was entered against Block and Murphy by the Clerk of Court (Dkt. No. 18); (2) Block and Murphy have not appeared; (3) neither Block nor Murphy are infants or incompetent (Dkt. No. 46-8); and (4) Block and Murphy were validly served with process. (Dkt. Nos. 13, 14). In addition, Ditech provided copies of two Military Status Reports from the Department of Defense Manpower Data Center showing that Block and Murphy are not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 16, 46-8, 46-9). Ditech has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 73-1).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Ditech resulting from Block and Murphy's breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. The court may presume that an absent defendant who has failed to answer has no meritorious defense. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) In addition, Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Entertainment, Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases

finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

Accordingly, the Court will grant Ditech's Motion for Default Judgment.

### IV. CONCLUSION

Ditech has satisfied the requirements necessary for entry of a default judgment against Defendants Michael S. Block, Theresa Murphy and Association of St. C Condominium Owners. Accordingly, Ditech's Motion for Default Judgment (Dkt. No. 46) will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: January 28, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge